UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ARMEN AGABALIAN, | ) ) ) | |
| Petitioner, | ) ) | Civil Action No. 21-11553-FDS |
| v. | ) ) | |
| MATTHEW DIVRIS, | ) ) | |
| Respondent. | ) ) ) | |

MEMORANDUM AND ORDER ON
PETITION FOR WRIT OF HABEAS CORPUS

SAYLOR, C.J.

This is an action by a state prisoner seeking a writ of habeas corpus.  Petitioner Armen

Agabalian is an inmate at the Massachusetts North Central Correctional Institution.  Respondent

Matthew Divris is the superintendent of that facility.  On January 31, 2017, Agabalian was

convicted of three counts of rape of a child with force and three counts of indecent assault and

battery on a child under the age of fourteen.  On June 18, 2020, the Massachusetts Appeals

Court ("MAC") affirmed that conviction.  On October 1, 2020, the Massachusetts Supreme

Judicial Court ("SJC") denied petitioner's application for leave to obtain further appellate

review ("ALOFAR").

Agabalian has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

He is proceeding *pro se*.  Respondent contends that he has failed to exhaust his available state-

court remedies as to all claims, and that therefore dismissal is required.

For the reasons set forth below, the Court will dismiss the petition unless it is amended to

include only exhausted claims.

I.      **Background**

    A.      **Factual Background**

The MAC recounted the facts of the case as follows:

The defendant married the victim's mother in 2001, when the victim was nine years old.  Initially the defendant and the victim had a good relationship, but when the victim was eleven the relationship became "very inappropriate."  The defendant was often a caretaker for the victim in the afternoons after school, while her mother worked outside the home.  During these times the defendant began giving the victim massages, over her clothing, and progressed to touching her under her clothing, then touching the victim's breasts and then touching her vagina, all initially with his hands, and then with his mouth.  The victim testified at trial that the assaults would occur on "average . . . once a week" when she was eleven through fourteen years old.  She also testified that, on at least one occasion, the defendant's "penis went into [her] mouth."

The sexual assaults stopped when the victim went to high school, at age fourteen.  Two years later the victim's mother and the defendant divorced, although the mother and the defendant remained friendly.  Eventually the victim went away to college, and the defendant moved to France.

The victim encountered the defendant again when she was twenty-two.  The defendant was back in Massachusetts visiting friends and relatives, and the victim's mother invited him to Thanksgiving dinner.  The victim objected, and eventually told her mother of the sexual assaults.  The mother and the victim contacted the police, who then brought the defendant to the police station and questioned him at length.  The defendant received and signed Miranda warnings in advance, and the interrogation was video and audio recorded.  During the interrogation the defendant admitted to performing oral sex on the victim when she was under the age of fourteen.

The defendant moved to suppress the recording on the grounds that his statements were involuntary, and given in violation of his Miranda rights.  The judge denied the motion after an evidentiary hearing.  The defendant was thereafter convicted of all charges.[1]

*Commonwealth v. Agabalian*, 97 Mass. App. Ct. 1125, 2020 WL 3275578, at *1 (Mass. App. Ct.

June 18, 2020).

    Petitioner thereafter appealed on the grounds that (1) his confession should have been

---

[1] Those charges were three counts of rape of a child by force, Mass. Gen. Laws ch. 265, § 22A, and three counts of indecent assault and battery on a child under the age of fourteen, Mass. Gen. Laws ch. 265, § 13B.

suppressed because his statements to police were involuntary and were given in violation of his

*Miranda* rights; (2) there was insufficient evidence of constructive force; (3) there was

insufficient evidence of penetration; and (4) the prosecutor argued facts not in evidence during

closing argument. *Id.* [2]  On June 18, 2020, the MAC affirmed petitioner's convictions. *Id.* at *4.

On July 8, 2020, petitioner filed an ALOFAR with the SJC.  (Supp. Answer at 985-1001).

His application sought appellate review on the following issues:

> Whether the trial court's findings were clearly erroneous in denying the
> Defendant's motion to suppress his statements where his statements were not
> voluntary given the interview was conducted not in his native language, he had no
> prior involvement with the criminal justice system, was under the influence of
> alcohol, and police used disfavored interrogation tactics.

> Whether there was insufficient evidence of constructive force where the
> stepdaughter was clear that the defendant never threatened or physically forced
> her into any acts and he was not an authority figure that overbore her will.

> Whether the prosecutor's closing argument, which added facts not in evidence,
> went to the heart of the element of constructive force by arguing that the
> defendant was the gatekeeper of the family home because he held the only keys.

(*Id.* at 990-991).  The SJC denied the ALOFAR on October 1, 2020.  *Commonwealth v.*

*Agabalian*, 486 Mass. 1101 (2020).

### 1.      Federal Proceedings

The petition for a writ of habeas corpus was filed in this court on September 21, 2021.

The petition, when read in conjunction with the accompanying memorandum, asserts the

following grounds for relief:  (1) that petitioner's waiver of his *Miranda* rights was invalid; (2)

that his statements to police were made involuntarily due to his intoxication, his lack of facility

with English, and the coercive tactics adopted by the interrogators; (3) that his conviction for

---

[2] Force and penetration are elements of the crime of rape of a child with force under Massachusetts law. *See, e.g.*, *Commonwealth v. Parreira*, 72 Mass. App. Ct. 308, 314 (Mass. App. Ct. 2008) (affirming conviction on appeal that challenged sufficiency of evidence concerning element of force); *Commonwealth v. Centeno*, 87 Mass. App. Ct. 564, 567-68 (Mass. App. Ct. 2015) (same, but as to element of penetration).

rape was obtained despite insufficient evidence as to the element of force; (4) that his conviction

for rape was obtained despite insufficient evidence as to the element of penetration; and (5) that

the prosecutor argued facts not in evidence during the closing argument.[3]

## II.   <u>Legal Standard</u>

Before the court can evaluate the likelihood of success on the merits of a constitutional

claim, it must evaluate whether the claim was fairly presented to, and exhausted in, the state

courts.  28 U.S.C. § 2254(b)(1)(A).  "This exhaustion requirement, which codified preexisting

law, is born of the principle 'that as a matter of comity, federal courts should not consider a

claim in a habeas corpus petition until after the state courts have had an opportunity to act.'"

*Coningford v. Rhode Island*, 640 F.3d 478, 482 (1st Cir. 2011) (quoting *Rose v. Lundy*, 455 U.S.

509, 515 (1982)).

"In order for the exhaustion requirement to be met, the petitioner must have fairly

presented the substance of his federal habeas claim to the state court before seeking federal

review."  *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988) (quoting *Gagne v. Fair*, 835

F.2d 6, 7 (1st Cir. 1987)).  That is, "the legal theory articulated in the state and federal courts

must be the same."  *Sanchez v. Roden*, 753 F.3d 279, 294 (1st Cir. 2014) (alteration and

quotation marks omitted) (quoting *Clements v. Maloney*, 485 F.3d 158, 162 (1st Cir. 2007)).

"The exhaustion requirement is not satisfied if a petitioner presents new legal theories or new

factual allegations in federal court that transform his claim or cast it in a significantly different

light."  *Domaingue v. Butterworth*, 641 F.2d 8, 12 (1st Cir. 1981).

---

[3] The petition itself enumerates four grounds for relief, although it is difficult to parse precisely the nature of those grounds.  And while petitioner's memorandum lists three grounds for relief, it, in essence, argues the five described above.  "Petitions filed *pro se* are liberally construed and held to less stringent standards than those filed by attorneys."  *Good v. Gray*, 2022 WL 2704467, at *2 (D. Mass. July 12, 2022) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Therefore, the Court has construed petitioner's claims considering both the petition and the supporting memorandum.

The exhaustion requirement is not satisfied if a petitioner raises an issue before an intermediate court, but then fails to, or does not attempt to, redress his claim to "the state's highest tribunal." *See Mele v. Fitchburg Dist. Court*, 850 F.2d 817, 820 (1st Cir. 1988).  Thus, in cases arising from Massachusetts courts, the petitioner's ALOFAR is "the decisive pleading." *See Durand v. Goguen*, 388 F. Supp. 3d 54, 59 (D. Mass. 2019) (citation omitted).  Accordingly, "exhaustion requires that the issue must be raised 'within the four corners of the ALOFAR.'" *Id.* (quoting *Mele*, 850 F.2d at 820).

## III.    Analysis

Respondent contends that petitioner seeks relief based on two unexhausted claims:  (1) that the waiver of his *Miranda* rights was invalid and (2) that his rape conviction was obtained despite insufficient evidence of penetration.  (Resp't's Opp'n to Pet. at 16-18).

Petitioner raised both issues in his appeal to the MAC.  *Agabalian*, 2020 WL 3275578, at *2, *4.  However, he did not present them to the SJC in his ALOFAR.

The ALOFAR addressed at length the allegedly coercive nature of the custodial interrogation and the involuntariness of petitioner's statements due to his intoxication and difficulty understanding English.  But it makes no contention as to any alleged deficiency of the *Miranda* warning or the voluntariness of his waiver.  Although both issues—the validity of the *Miranda* waiver and the voluntariness of the statements that ensued—bear upon petitioner's Fifth Amendment right against self-incrimination, they are separate inquiries that call upon different facts and law.  *Compare United States v. Carpentino*, 948 F.3d 10, 25-26 (1st Cir. 2020) (discussing standard for evaluating voluntariness of *Miranda* waiver), *with United States v. Jacques*, 744 F.3d 804, 809 (1st Cir. 2014) (same as to voluntariness of confession).  Thus, petitioner has not "fairly and recognizably" presented to the SJC his claim that his *Miranda* waiver was invalid.

Likewise, the ALOFAR is wholly bereft of any contention concerning the sufficiency of the Commonwealth's evidence of penetration.  As a result, that ground for relief is also unexhausted.

When a petition contains both exhausted and unexhausted claims, a district court may permit the petitioner to amend the petition to include only exhausted claims.  *DeLong v. Dickhaut*, 715 F.3d 382, 386 (1st Cir. 2013).  The court may also "stay the mixed petition and hold it in abeyance while the petitioner exhausts the unexhausted claims, then lift the stay and adjudicate the petition once all claims are exhausted."  *Id.* at 387.  However, the "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust."  *Id.* (quoting *Rhines v. Weber*, 544 U.S. 269, 277 (2005)).

The parties do not contend, and the Court does not find, good cause for the petitioner's failure to exhaust such that a stay of proceedings is warranted.  Accordingly, the petitioner will be afforded the opportunity to amend the petition to include only his exhausted claims.

## IV.   Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d) will be DISMISSED without prejudice within 45 days (that is, by September 23, 2022), unless petitioner files an amended petition, on or before that date, that includes only claims as to which he has exhausted his state-court remedies.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: August 9, 2022                    Chief Judge, United States District Court