UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARMEN AGABALIAN, )<br>)<br>Petitioner, )<br>)<br>)<br>v. )<br>)<br>MATTHEW DIVRIS, )<br>)<br>Respondent. )<br>) | Civil Action No.<br>21-11553-FDS |

**MEMORANDUM AND ORDER ON
PETITIONER'S MOTION TO AMEND**

**SAYLOR, J.**

This is a motion to amend a petition for writ of habeas corpus filed by a prisoner held at the North Central Correctional Institution ("NCCI") in Gardner, Massachusetts. Pursuant to Fed. R. Civ. P. 15(c)(2), petitioner Armen Agabalian seeks to amend his original petition—which was filed on September 21, 2021, and dismissed on September 29, 2022—to assert previously unpleaded claims of, among other things, ineffective assistance of trial counsel. Respondent Matthew Divris, the superintendent of NCCI, opposes the motion on the grounds that (1) the Court lacks the authority to adjudicate the motion and (2) the claims asserted in the proposed amended petition are time-barred.

For the following reasons, the motion to amend will be denied.

**I.    Background**

On January 31, 2017, after a jury trial in state court, petitioner Armen Agabalian was convicted on three counts of rape of a child with force and three counts of indecent assault and battery on a child under the age of 14. (*See* ECF No. 11, Ex. 7). On February 21, 2017, he was

sentenced to up to fifteen years of incarceration followed by three years of probation. (*See* ECF No. 11, Ex. 9). The Massachusetts Appeals Court ("MAC") affirmed his convictions on June 18, 2020. *Commonwealth v. Agabalian*, 97 Mass. App. Ct. 1125 (June 18, 2020). His subsequent application for leave to obtain further appellate review ("ALOFAR") was denied by the Supreme Judicial Court on October 1, 2020. (*See* ECF No. 12 at 534).[1]

On September 21, 2021, Agabalian filed a petition for writ of habeas corpus in this court, asserting four claims: (1) that his confession was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966); (2) that the evidence at trial was insufficient to support two of his convictions concerning rape of a child with force; (3) that the evidence at trial was insufficient to show constructive force; and (4) that the prosecutor improperly misstated facts not in evidence during closing remarks. (*See* ECF No. 1). After reviewing the parties' submissions, the Court held that the petition asserted unexhausted claims; the Court therefore ordered that the petition would "be dismissed without prejudice within 45 days (that is, by September 23, 2022), unless petitioner file[d] an amended petition, on or before that date, that include[d] only claims as to which he ha[d] exhausted his state-court remedies." (ECF No. 27). Agabalian failed to file an amended petition within the 45-day window, and the Court accordingly dismissed the petition on September 29, 2022. (ECF No. 31).[2]

Nearly three years later, on April 23, 2025, Agabalian filed the present motion, in which he seeks to amend his initial petition for writ of habeas corpus, even though the petition has

---

[1] Agabalian's sentence became final on January 1, 2021, 90 days after the SJC denied his ALOFAR and when the period for seeking certiorari from the United States Supreme Court expired. *See Voravongsa v. Wall*, 349 F.3d 1, 2 (1st Cir. 2003).

[2] During the pendency of his federal habeas proceedings, Agabalian also filed a motion for a new trial in the Middlesex Superior Court. (*See* Middlesex Superior Court Docket No. 1481CR01651). That motion was denied. On appeal, the MAC affirmed the superior court's decision, and on December 13, 2024, the SJC denied his ALOFAR. (*Id.*).

already been dismissed. (Mot. at 1). The proposed amended petition alleges (1) that his trial counsel was constitutionally ineffective for failing to hire a private investigator to interview six potential witnesses prior to trial; (2) that his trial counsel was constitutionally ineffective for failing to hire a medical expert witness to testify about the recordings of his interview with police; (3) that the trial court abused its discretion in denying his request for an appointment of counsel to assist him in collateral post-conviction motion-for-new-trial proceedings; (4) that the trial court abused its discretion by denying an evidentiary hearing for his motion for new trial; and (5) that the trial court abused its discretion in denying him access to a translator. (ECF Nos. 33-34).

On May 19, 2025, respondent filed an opposition to the motion to amend, asserting that the Court lacks the authority to adjudicate it and, in any event, that the claims asserted in the proposed amended petition are time-barred.

## II.     Analysis

Like a motion to amend a civil complaint, a motion to amend a petition for writ of habeas corpus is governed by Fed. R. Civ. P. 15. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (citing 28 U.S.C. § 2242). In general, courts "freely give leave [to amend a petition] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the availability of amendment "terminates upon a district court's dismissal of the [petition]." *Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 388 (1st Cir. 1994); *Fisher v. Kadant, Inc.*, 589 F.3d 505, 508-09 (1st Cir. 2009) ("If, however, a motion to amend is filed after the entry of judgment, the district court lacks authority to consider the motion under Rule 15(a) unless and until the judgment is set aside."). A petitioner may only amend a previously dismissed petition "after having the judgment re[-]opened under either [Fed. R. Civ. P.] 59 or 60." *Acevedo-Villalobos*, 22 F.3d at 389. Indeed, "[u]nless post[-]judgment

relief is granted, the district court lacks power to grant a motion to amend the [petition] under Rule 15(a)." *Id*.

Here, petitioner seeks to amend a petition that was dismissed on September 28, 2022, after he failed to submit an amended petition within 45 days, as directed by the Court. The initial petition may therefore only be amended if the judgment is re-opened under Fed. R. Civ. P. 59 or 60. *See id.* However, to date, petitioner has not filed a motion to re-open the judgment, and the judgment has not otherwise been set aside. Thus, the Court lacks authority to adjudicate the motion to amend the petition. *See id*. Accordingly, it will be denied.

### III. Conclusion

For the foregoing reasons, the motion to amend the petition is DENIED.

**So Ordered.**

Dated: August 4, 2025

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
United States District Judge